MASON et al. v. EVANISEVICH.
THE BLUE SKY.

No. 10094.

Circuit Court of Appeals, Ninth Circuit.

Nov. 25, 1942.

Lasher B. Gallagher, of Los Angeles, Cal., for appellants.

David A. Fall, of San Pedro, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree in admiralty holding appellants liable for appellee's share of a sardine catch for the fishing season off the coast of California ending on March 1, 1940. Appellee's claim was based upon an injury sustained in an attempt to land on a wharf in the port of Los Angeles from the Diesel seiner "Blue Sky", during his employment for the sardine season as a member of the fishing crew of the seiner, which injury prevented him from further serving during the season.

The district court heard all the witnesses, hence, we are not in a position fully to determine their credibility and will not set aside that court's findings unless clearly unwarranted by the evidence.

It is admitted by appellants that appellee was employed as a member of the "Blue Sky's" crew for the sardine season. During the morning of September 22, 1939, under the orders of the captain, appellee and nearly all the crew had been engaged on the seiner in preparing her for the season's operations. During that morning she was moved about the harbor to try out her engines. Appellee worked on a scoop net, finishing it before noon. The vessel had returned to her wharf where the crew had luncheon furnished by the management. The captain was absent during the morning and there is evidence from which the court could infer that appellee remained on board after luncheon to await further instructions from the captain, who had ordered him aboard. The captain did not come aboard and about two o'clock in the afternoon appellee attempted to leave the ship. Just as he placed one foot on the wharf the vessel surged and he grasped a part of the rigging with his left hand to save himself from falling. The weight of his body swinging on the rigging in the surge of the vessel so sprained his left shoulder and arm muscles that he was unable to perform his duties as fisherman for the sardine season. The entire transaction up to and including his injury caused by his hanging from the ship's rigging was maritime in character and the claim of liability is governed by the maritime law.

Appellants claim that the weight of the evidence shows that appellee's employment for the day had ended before noon, that he unnecessarily loitered on the vessel, and that when the injury occurred at two o'clock he was no longer in the service of the ship. In view of the evidence that appellee had been ordered on board the seiner to prepare her for the season and the propriety of his waiting until advised by the captain that there was nothing further for him to do, we must accept the finding that he was in the seiner's service when he was injured.

Appellants further contend that even though appellee was injured while on board for purposes of preparing the vessel for the season's fishing, he is not entitled to a share of the entire season's catch but only to the earnings of part of the season, consisting of the several nightly voyages during "the first dark." Sardines are taken only at night in the dark of the moon when the "shine" of the schools discloses their presence. The vessel customarily leaves port in the afternoon, fishes during the night and returns the next day.

Appellants do not contend that an injured fisherman's share is confined to the first of these one day voyages. They admit that the share right extends through the voyages of the first lunar month of the season. No authority or proof of custom is shown for shortening to its first month the seasonal employment for which appellee was engaged. We hold that the appellee was entitled to the share, undisputed in amount, which the court awarded him from the catch of the entire season. Cf. A. O'Donnell v. Great Lakes Dredge Co., 7 Cir., 127 F.2d 901, 903; Enochasson v. Freeport Sulpher Co., D.C.S.D.Tex., 7 F.2d 674, 676, and cases cited.

Affirmed.