**LUKSICH v. MISETICH et al.**

No. 10522.

Circuit Court of Appeals, Ninth Circuit.

Jan. 26, 1944.

As Amended March 22, 1944.

Rehearing Denied March 20, 1944.

David A. Fall, of San Pedro, Cal., for appellant.

Lasher B. Gallagher, of Los Angeles, Cal., for appellees.

Before WILBUR and STEPHENS, Circuit Judges, and McCORMICK, District Judge.

STEPHENS, Circuit Judge.

Libellant brought suit against the four owners of the fishing vessel Lucky Star, including Domenic Misetich who was also master of the vessel, for maintenance and wages and for damages resulting from the master's negligence in connection with an injury sustained while libellant was employed on board the boat. The district court found that there was no negligence on the part of respondents. However, it awarded libellant $350.39 for maintenance from the time of his injury until the time he had reached a maximum state of recovery, and $105.57 for his share of the proceeds of the tuna fishing season during which he was hurt. Libellant appeals contending that respondents are liable for his maintenance as long as medical treatment is in any way beneficial to him, and insisting that his rightful wages include his share of the catch for the 1941–42 sardine season as well as for the 1941 tuna season since he was employed for both.

Libellant had suffered a dislocated shoulder as a result of a fall sustained in the course of his employment as a seaman-fisherman aboard the Lucky Star. At the time of the injury, May 2, 1941, during the tuna fishing season, the ship was anchored on the high seas near Guadalupe Island off Mexico, but immediately thereafter it returned to San Pedro, California, where libellant left the ship on May 5, 1941. He received medical treatment from the United States Public Health Service at the time he reached San Pedro and had not yet been discharged at the time of the trial herein in January, 1943. His treatment included five months of hospitalization at the Marine Hospital in San Francisco.

Libellant had been employed by Domenic Misetich to fish on shares for a period of time in dispute herein. At a casual meeting he had expressed his willingness to fish with Misetich; at a subsequent meeting Misetich had told him when to report to the boat for work on the tuna nets. According to libellant's testimony he had asked whether the fishing spoken of was for tuna and sardines and had received an affirmative answer. Misetich denied having made any mention of sardines before the beginning of the tuna voyage to Mexican waters. However, he admitted that at the beginning of the tuna season in March it was customary to take on fishermen for both the tuna season and the sardine season that followed.

Subsequent to the oral agreement written shipping articles, dated April 15, 1941, had been signed. They describe the contemplated voyage as one from Los Angeles, California, to "Mexican Waters, Mexico, for one or more trips and return, and such other ports and places in any part of the world as the Master may direct, and back to a final port of discharge in the United States, for a term of time not exceeding six (6) calendar months." Under the heading "Wages" and opposite a list of the names of the seamen to be on the ship appears the notation "On Shares by Mutual Agreement."

The district court found that about April 1, 1941, libellant was employed by respondents as a fisherman, that at that time the tuna fishing season had commenced or was about to commence, that he "was so employed pursuant to the terms and provisions of a written contract consisting of Shipping Articles regularly and duly executed as provided by the Statutes of the United States, and not otherwise," that he was injured while performing his duties under the written contract and not otherwise,

and that when injured he was not doing any act which entitled him to a share of the catch taken during the sardine season.

■ In connection with his appeal libellant has moved this court for an order to take additional proof on the grounds that evidence has been newly discovered, that substantial justice requires the taking of further proof, and that a portion of the evidence was improperly excluded by the district court. An appellate court may permit new evidence to be introduced in the trial of an admiralty case before it, but such permission is granted only after the court is convinced that a sufficient excuse exists for the failure to present the testimony in the original trial court. The Juniata, 91 U.S. 366, 367, 23 L.Ed. 208; The Mabey, 10 Wall. 419, 77 U.S. 419, 420, 19 L.Ed. 963; The Andrea F. Luckenbach, 9 Cir., 78 F.2d 827, 829; The Hermosa, 9 Cir., 57 F.2d 20, 23; The Sirius, 9 Cir., 54 F. 188, 196; Rule 6, Rules in Admiralty, United States Circuit Court of Appeals for the Ninth Circuit. The danger that evidence will be withheld in the district court and later presented in the appellate court, thereby making a farce of the original trial, underlies the requirement that justification for admitting new testimony must be clearly shown.[1]

■ Certain of the affidavits in support of libellant's motion are signed by parties to the suit and refer to the length of time for which libellant was hired, a subject concerning which both parties testified before the district court. No reason is proffered as to why the matter included in the affidavits was not elicited during the examination of the parties at the trial. The affidavit of Misetich, indicating that he hired libellant for both tuna and sardine fishing seasons, seems merely his conclusion in view of his testimony at the trial that no mention was made of the sardine season during the negotiations preliminary to libellant's employment. Since the matter was fully covered at the trial and since there is no showing of good cause for the taking of new evidence herein, libellant's motion is denied insofar as it relates to the evidence outlined in the aforementioned affidavits.

■ Other of the affidavits in support of libellant's motion refer to his complete recovery from his injury. The purpose to be achieved, obviously, is an extension of the time for which maintenance and cure is awarded. However, there is no indication that full recovery resulted from continued and necessary medical treatment, an essential to enlarge the period during which libellant is entitled to compensation. Therefore, no good cause is shown for the taking of the testimony in question, and the motion is denied insofar as it relates to such evidence.

■ We believe the district court adopted the correct rule as to the duration of maintenance and cure to which a seaman is entitled under the general maritime law. At most, recovery should not be extended beyond the time when the maximum degree of improvement to his health is reached. We can find no authority approving a longer period of recovery nor suggesting that a seaman permanently injured in the course of his employment should receive maintenance for life. The Josephine & Mary, 1 Cir., 120 F.2d 459, 464; Lindgren v. Shepard S. S. Co., 2 Cir., 108 F.2d 806, 808; Skolar v. Lehigh Valley R. Co., 2 Cir., 60 F.2d 893, 895; The Bouker No. 2, 2 Cir., 241 F. 831, 835; Mahnich v. Southern S. S. Co., D.C.Pa., 45 F.Supp. 839, 841, affirmed upon opinion of trial judge, 3 Cir., 129 F.2d 857; The C. S. Holmes, D.C.Wash., 209 F. 970, 975. Cf. Calmar S. S. Corp. v. Taylor, 303 U. S. 525, 530, 58 S.Ct. 651, 82 L.Ed. 993; Loverich v. Warner Co., 3 Cir., 118 F.2d 690.

---

[1] O'Brien's Manual of Federal Appellate Procedure, 3rd edition, page 110: "It is not a matter of course to allow parties who have withheld evidence available to them in the District Court to present such evidence on appeal. When objection is raised the party offering the new evidence must show some good reason, if any, why it was not produced before. A deposition taken subsequent to the appeal will be suppressed where the same witness testified to the matter covered therein. New evidence, if material and competent, may be introduced upon the trial of an admiralty cause in the Appellate Court, if, for any cause other than a fault of the party offering the same, such evidence could not be introduced upon the original trial. But without a showing of sufficient reason for doing so, the Appellate Court will not admit such new evidence. Parties should endeavor to procure all the testimony material to the issue presented by the pleadings in the first instance. The practice of bolstering up a lost cause by additional testimony will not be encouraged."

There is no dispute herein that a seaman injured in the course of his employment is entitled to his wages for the length of the voyage or employment, The Osceola, 189 U.S. 158, 175, 23 S.Ct. 483, 47 L.Ed. 760, or in the case of a fisherman employed on shares for a fishing season, to his share of the catch for the season, Mason v. Evanisevich, 9 Cir., 131 F.2d 858, 859. The point in dispute is the duration of the term for which libellant's share of the catch should be computed, whether for the tuna season or for the tuna and sardine seasons combined. The view of the trial court as evidenced in the findings and in other parts of the record was that the shipping articles constituted the entire contract between the parties and limited the duration of service to the tuna fishing season.

The principle that a written agreement can be altered by parol in the absence of statutory inhibition was supported by this court in Ahlquist v. Alaska-Portland Packers' Ass'n, 9 Cir., 39 F.2d 348, 351. That case held that shipping articles could be altered by a subsequent parol agreement insofar as the contract between the parties was not required by law to be in writing, and found that as to the compensation of seamen and fishermen the agreement in question, which was a part of the shipping articles, was not required to be in writing. In the instant case we have not been referred to any statutory provision necessitating a writing setting forth the term of employment of libellant.

The shipping articles do not embody all the basic provisions of the employment (duration of contract and compensation) and consequently must be supplemented by additional terms to constitute a complete agreement. The oral arrangements between the parties herein preceded the written and therefore fall within the familiar principle that oral evidence is admissible to supply omissions in a written contract incomplete on its face. For these reasons we do not agree with the theory that the duration of employment should be restricted to a period consistent with the shipping articles. But a consideration of the evidence leads unerringly to the conclusion that at the time libellant embarked upon the voyage during which he was injured, his agreement with Misetich related to the tuna season only, the result reached by the district court.

Affirmed.