## THE BETSY ROSS.
### No. 10705.

Circuit Court of Appeals, Ninth Circuit.
Nov. 13, 1944.

Henry E. Kappler, of Los Angeles, Cal., for appellants Cekalovich et al.

David A. Fall, of San Pedro, Cal., for appellant Ruljanovich.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellants, Peter Cekalovich, Dominic Mratinich and Frank Muljat, co-owners and claimants of the diesel screw fishing boat, Betsy Ross, appeal personally and as such claimants from a decree in admiralty holding the appellants and the Betsy Ross liable for the wages, maintenance and cure of appellee Ruljanovich, a seaman on the Betsy Ross and in the employ of her owners, because of injuries received in the course of that employment. Ruljanovich cross-appeals from the decree's denial of his recovery for personal injuries under the Jones Act, 46 U.S.C.A. § 688.

The amended libel alleges that the Betsy Ross was a diesel fishing vessel engaged in fishing for tuna and sardines in the Pacific Ocean for a period of 11 months beginning May 3, 1942, and that appellant was employed for that period on a 1/17 lay or share of whatever fish were taken; that on the second day of his employment he was injured while taking a net from a nearby warehouse to the Betsy Ross then at anchor in the Port of Los Angeles. It alleges the character of the injuries, the medical services in his care and cure, the cost of his maintenance, his disability from earning anything during the period of his employment and the amount of his 1/17 lay in the fish taken during that period.

The libel also alleged that his injuries were caused by the negligence of appellant Muljat, the captain, a part owner of the Betsy Ross, and that, under the Jones Act, appellee was entitled to compensation therefor and claimed $15,000 as its amount.

The answer admitted the fishing venture commenced on May 3, 1942, but claimed it was for nine instead of the eleven months; that appellee was employed on the 1/17 lay, but claimed the lay contract was terminable by either party. It failed to allege that the contract had been terminated before appellee was injured. The other allegations of the libel were denied. A further defense was that the California Industrial Accident Commission had exclusive jurisdiction of compensation of all kinds for appellee's injuries.

On the question of jurisdiction, appellants, on the hearing of this appeal, admitted that since the briefs were written the Supreme Court of the State of California, in a case in which was at issue the right of appellee to compensation for all his injuries in a proceeding before the State Accident Commission, held that the Accident Commission had no jurisdiction in the matter of his employment because it was an industry essentially maritime. Occidental Indemnity Co. v. Industrial Accident Commission, Cal.Sup., 149 P.2d 841. We hold the district court had jurisdiction of the libel.

## Appeal of Betsy Ross and Owners.

The right of a sailor in admiralty to maintenance and cure for injuries received in the course of his employment is unquestioned. The Osceola, 189 U.S. 158, 172, 23 S.Ct. 483, 47 L.Ed. 760; Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368. Here the procuring of a net for the Betsy Ross for her forthcoming fishing venture was none the less in a maritime employment because the service for the venture was on shore. O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 43, 63 S.E. 488, 87 L.Ed. 596; 1 Benedict, 6th Ed. 61. The amounts awarded for maintenance and cure are not questioned on the appeal.

At the argument on the appeal appellants, supplementing the admission of the answer respecting a nine months' fishing venture, admitted that the fishing venture for which appellee had his 1/17 lay covered a single employment beginning after May 3, 1942, first in tuna fishing and then in sardine fishing. Sardine fishing, under the California Fish and Game laws, could begin only on August 1 and could continue to not later than March 1 following. 1941 Cal.Stat. p. 1672. Here the fishing venture for which Ruljanovich was employed ended when the vessel ceased sardine fishing before the legal period had expired. Ruljanovich's injuries incapacitated him from work until after the venture had ended. The amount of his lay share is not questioned.

The case is not distinguishable from our decision upholding a similar lay contract as determining the wages of an injured fisherman-sailor during the period of his employment. Mason v. Evanisevich, 9 Cir., 131 F.2d 858, 859. The decree awarding Ruljanovich wages, maintenance and cure is affirmed.

## The Cross-Appeal of Ruljanovich.

On the cross-appeal Ruljanovich contends the evidence shows that owner Muljat caused the injury and hence the owners and vessel are liable under the Jones Act. O'Donnell v. Great Lakes Dredge & Dock Co., supra. Both men went to the warehouse for the fishing net in a truck which was to haul the net to the Betsy Ross. The co-owners had no interest in the warehouse. The truck was driven in and past the warehouse entrance. Someone had left a 4 x 4 inch timber, 16½ feet long, leaning on the wall near the warehouse entrance. After Ruljanovich had boarded the truck to help haul up the net upon it, Muljat, in attempting to follow, caught hold of the timber to aid him in mounting the truck. He had just come in from the bright light out-of-doors into the shadows of the warehouse. His pull on the timber caused it to fall over on Ruljano-

690

vich's head, inflicting the injury. The evidence abundantly warrants the district court in inferring that it was merely an unfortunate accident without actionable negligence on Muljat's part.

The decree is affirmed as to the cross-appeal of Ruljanovich.

Affirmed as to appeal and cross-appeal.