### BLACK v. UNITED STATES et al.
### No. 7550.

District Court, W. D. Washington, S. D.

May 12, 1947.

Levinson & Friedman, of Seattle, Wash. (Edwin J. Friedman, of Seattle, Wash., of counsel), for libelant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., for respondent United States of America.

Bogle, Bogle & Gates, of Seattle, Wash. (Edw. S. Franklin, of Seattle, Wash., of counsel), for respondents Union Sulphur Co. and American-Hawaiian Steamship Company.

LEAVY, District Judge.

Suit was instituted by libelant for future maintenance and cure, the suit · being

brought at a time when libelant was still in the United States Marine Hospital receiving treatment for tuberculosis. Libelant alleged that, when he is finally released from the hospital to outpatient treatment, it will be necessary for him to convalesce and receive outpatient treatment for a period of time which he believes to be approximately four years. He further alleges that, under the Admiralty law, he is entitled to receive maintenance for the period of time he is not confined to the Marine Hospital until his condition becomes fixed, and that the reasonable value of such future maintenance would be in the amount of $175 a month. Exceptions to the libel were filed on the ground that the facts averred in the libel did not constitute a cause of action.

The condensation of the court's decision on the exceptions, orally announced from the bench, follows:

I have great difficulty in escaping the conclusion that you have no right of action at this time. I do not want to say that I here determined that the statute of limitations will not begin to run until some date in the future, but I am impressed that this seaman—viewing the allegations of the libelant most favorable to him—is not now being threatened to have taken from him the cure and maintenance which has been and is being furnished, and, if necessary, he could remain in the Marine Hospital for two years, or three years, or four years. Until he is denied this service, he has no action.

I am concerned with the language that is quoted in United States v. Loyola, 9 Cir., 161 F.2d 126, from Calmar S. S. Corporation v. Taylor, 303 U.S. 525–532, 58 S.Ct. 651, 82 L.Ed. 993. The court has taken cognizance of the Marine Hospital service where seaman may be treated at a minimum expense, and in some cases without expense.

We have here a case where that service is available, and not only available but it has been utilized.

This seaman who gets the benefit of it has seen fit to institute this action, anticipating that at some date in the future he is going to become an outpatient, and that, when he does become such, it is going to cost him $175 a month. He then alleges that, when he becomes such patient, it will require some four years thereafter until his condition becomes fixed or he is cured, and would no longer be in a position to look to the respondents for care.

In this case, one of the respondents happens to be the United States Government. The United States Government maintains the Marine Hospitals, and for this type of service. Probably it is maintaining them at a rate less to itself than it would if it paid libelant $175 a month. In addition, when we take into consideration the nature of the libelant's illness, which is one that has so many contingencies attached to it, and one in which medical experts disagree greatly as to whether there is ever a complete cure effected, that we have the uncertainty as to the time of such cure, thus making it impossible to fix an award with any degree of certainty. It becomes a matter of pure speculation.

Certainly I do not want to make a ruling here that would place this libelant in a position where he would be left without any care in his unfortunate situation; on the other hand, we must assume that you can make proof by opinion evidence as to when he would become an outpatient.

▮▮▮ I think if he becomes an outpatient, he does so upon the advice and suggestion and direction of the medical authorities who are in charge of the Marine Hospital, and when they do that, then, if the respondent does not see fit to make an allowance that is somewhere within reason, his right of action arises. But to ask a judgment now, in the sum of $175 a month for four years, is certainly anticipatory damage—in this instance, if the court should find that the opinion of the medical men was sufficiently dependable upon which to base a four-year period of time, it would result in a judgment for $8,000 or $8,500.

Here the respondent maintains a service, among other things, for just such a situation as is here presented, and the seaman seeks the right of saying "Give me $175 a month to secure treatment on the outside and I will then decline the services for cure and maintenance provided by law for

me." I am inclined to feel, under the circumstances alleged in this libel and the law as presented to the court, that I shall have to sustain these exceptions and dismiss the action, but of course not with prejudice.

■ I suppose I could withhold a judgment of dismissal here, and allow the action to be continued, or allow you to file an amended libel, but I do not feel, in the light of these exceptions, that I should overrule the exceptions and compel the respondent to answer, and thus bring the case to issue. I shall dismiss the action with the proviso that you may file an amended libel if you can set forth facts beyond those that are stated in this libel— by that I mean if you have information from the authorities in charge of the Marine Hospital that shortly they expect to discharge the libelant from the hospital, not as cured but as an outpatient. That is where, it seems to me, your libel is fatally defective as it is now pleaded, because I think the court must take judicial notice of the fact that, so long as the seaman needs maintenance and medical care, he is going to be permitted to remain in the hospital unless he elects otherwise. My own view is that the statute of limitations would not run until the libelant were denied treatment, or until his condition became fixed.

The cause of action in the Loyola case arose by reason of the seaman's declining to take advantage of any of the services that were available to him. The situation as evidenced here is otherwise. Here he is taking advantage of those facilities that are made available, and, when those facilities are no longer available to libelant, then there arises the duty which, if not met, gives rise to a cause of action. That is my opinion. It is then when his cause of action arises. I do not want to say that I am determining that definitely. In an amended libel, you might be in a position to allege and prove that they are going to discharge him at a given period of time before he has been cured or his condition has become fixed, which is an entirely different situation from that now pleaded.

■ I do not feel that I am warranted in dismissing the libel with prejudice. I would be fearful of the consequences of such a judgment a year or a year and a half hence, because there are certain facts that are well pleaded which must be considered, that is, that he was a seaman, and that he fell ill of tuberculosis. It at least would be open to argument whether a dismissal with prejudice was meant to dismiss as to such matters, so I shall sustain the exceptions and give you an order dismissing the action without prejudice.