## WARD v. AMERICAN PRESIDENT LINES et al.

### No. 25700.

United States District Court
N. D. California, S. D.

Feb. 9, 1951.

610

voyage in San Francisco on March 19, 1947, for a penalty of double wages for said period of time, and for an award for maintenance and cure. At the trial the stipulated evidence established that respondent was not liable for a penalty and libelant has, in essence, abandoned his claim for any penalty.

. The uncontradicted evidence shows that libelant, ever since his return from Manila, has had the status of an active in-patient at United States Marine hospitals in Seattle, Washington, Fort Stanton, New Mexico, and San Francisco, California, where he now is, with an intervening period of two months in the Los Angeles County Hospital. The same evidence further shows that he will continue to be an active in-patient for an indefinite period of time, and that it is impossible at this time to determine, with any degree of accuracy, when he will commence to be treated on an out-patient basis by the hospital; that at. this time it is impossible to determine when, if ever, he will be discharged as an arrested case fit for duty.

 In this state of the record libelant's claim for maintenance is premature and should be dismissed without prejudice so that he may again pursue his claim when it becomes timely. Benjamin v. United States, D.C., 92 F.Supp. 489; Black v. United States, D.C., 74 F.Supp. 62.

This leaves, as the only issue to be decided at this time, the libelant's claim for wages for the period of time he was discharged for illness in Manila on February 25, 1947 until the voyage ended in San Francisco on March 19, 1947, a period of twenty-two days. Libelant was being paid a base wage at the rate of $185.50 per month, and it is conceded that if libelant is entitled to anything for wages, it is the sum of $136.03. The problem to be decided here is whether the libelant presented himself for employment to the respondent on January 24, 1947, with the honest and reasonable belief that he was physically fit for employment, or, whether he fraudulently concealed from his prospective em-

Charles M. Haid and Treadwell & Laughlin, all of San Francisco, Cal., for respondent.

Robert F. Reynolds and Boyd, Taylor & Reynolds, all of San Francisco, Cal., for libelant.

OLIVER J. CARTER, District Judge.

The libel is for seaman's wages from the period of time libelant was discharged from the General Gordon, under charter to the respondent, at Manila, P. I. on February 25, 1947, because of being ill with pulmonary tuberculosis till the end of the

ployer his prior condition of tuberculosis, knowing that he was afflicted with a disabling disease.

The facts are as follows: The libelant had had a prior history of intermittent attacks of tuberculosis from 1936 until shortly before he applied for employment on the General Gordon on January 24, 1947. He had last been hospitalized for this disease in the United States Marine Hospital at San Francisco from sometime in July, 1946 until his discharge on December 17, 1946. The discharge, after describing his condition as improved, gives as the reason for the discharge disciplinary reasons, and goes on to state that the libelant is fit for duty but should return for periodic checkup examinations. Having received this discharge, the libelant stayed in the San Francisco area, and testified that he felt fine when he applied for employment on January 24, 1947. He states that he underwent an examination by the ship's doctor, including a stethoscopic examination of the chest cavity, and that he advised the ship's doctor at that time of his prior history of tuberculosis and of his discharge from the United States Marine Hospital at San Francisco on the 17th day of December, 1946 as fit for duty. Other than the language in the certificate of discharge, the only other material evidence offered is the Report of Injury or Illness, made by the ship's doctor after libelant became ill, on a form provided by the respondent, which states in paragraph 7 as follows:

"7. Describe fully how accident occurred in patient's own words? First diagnosed pulmonary tuberculosis in 1935, arrested after 1 year hospitalization and pneumothorax of rt. thorax. Reactivation in 1937 and 1940. Considered an arrested case since this day. Past 2 days morning temperature, productive cough, blood-streaked sputum and rapid pulse."

■■■ The general rule that the seaman is entitled to be paid wages for the whole period of the voyage, in accordance with the shipping articles, although he is unable to work during a part of the voyage because of injury or illness, The Osceola,

189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760; Jones v. Waterman S. S. Corp., 3 Cir., 155 F.2d 992; Ziegler v. Marine Transport Lines, D.C., 78 F.Supp. 216; The Betsy Ross, 9 Cir., 145 F.2d 688, is unquestioned here. However, respondent seeks to invoke the rule announced in the case of Tawada v. United States, 9 Cir. 162 F. 2d 615, at 617: "The shipowner's liability for maintenance and care extends to seamen 'becoming ill or injured during the period of their service' (Aguilar v. Standard Oil Co., 318 U.S. 724, 730, 63 S.Ct. 930, 933, 87 L.Ed. 1107), but that liability does not extend to a seaman who, with knowledge that he is afflicted with a disabling disease, conceals that fact and holds himself out as fit."

■■■ While the Tawada case was dealing primarily with a claim for maintenance and cure, the rule therein stated would be applicable to this case if the factual situation was the same. Ziegler v. Marine Transport Lines, supra, and Jones v. Waterman S. S. Corp., supra. The case at hand differs materially from the Tawada case in that the libelant here had a discharge from the Hospital as being fit for duty. The discharge, plus his own belief that he was in good health, certainly entitled him to present himself to the respondent for employment, which was further substantiated by the physical examination given by the respondent, disclosing no disability.

In Ahmed v. United States, 2 Cir., 177 F.2d 898, where the seaman had had a prior history of tuberculosis and failed to disclose this fact at the time of his physical examination, it was held that the failure to disclose was not fraudulent if, at the time, he honestly and reasonably believed that he was physically fit. The factual situation in the case at bar is similar to that in the Ahmed case, supra, and it would not have been necessary for the libelant to disclose his previous condition of ill health when he had been pronounced fit for duty by the Marine Hospital and he felt physically able to work. However, the record here reveals that the libelant made a disclosure of his previous condition of tuberculosis, and the only

question raised by the respondent is whether or not he made a full disclosure. The only evidence offered to indicate that a full disclosure was not made is the entry in paragraph 7 in the Report of Injury or Illness, made by the ship's doctor, which has been heretofore quoted. This testimony is completely unsatisfactory to refute the positive testimony of the libelant on this issue, and certainly is not strong enough to establish a fraudulent concealment which would defeat the libelant's claim.

It is the opinion of the court that the libelant acted in good faith in assuming that he was fit for duty in view of his discharge from the Hospital as being fit for duty and his own personal belief that he was in good health, and that at the time of the physical examination by the ship's doctor he made a sufficient disclosure of his prior condition of tuberculosis to put the respondent on notice of the facts of such pre-existing condition, so that the respondent could have made further investigation if necessary.

The libelant is therefore awarded the sum of $136.03 for wages due from the 25th day of February, 1947 to the 19th day of March, 1947. The libelant's claim for a penalty for non-payment of wages is denied, and libelant's claim for an allowance for maintenance and cure is dismissed without prejudice in accordance with the views expressed herein.

The decree may be prepared accordingly.