Charles **BROWN**

v.

**DRAVO CORPORATION.**

Nos. 111, 124.

United States District Court
W. D. Pennsylvania.

Nov. 26, 1957.

Hymen Schlesinger, Pittsburgh, Pa., for Charles Brown, libellant.

Bruce R. Martin (of Pringle, Bredin & Martin), Pittsburgh, Pa., for Dravo Corp., respondent.

GOURLEY, Chief Judge.

This is a non-jury trial under the Jones Act based on negligence and unseaworthiness, and in admiralty for maintenance and cure.   46 U.S.C.A. § 688.

The actions have been pending for an extraordinary length of time upon the docket of this court, having been filed March 15, 1948.   Aside from continuances granted upon the request of counsel, by reason of commitment of one counsel or another in the trial of litigation in other courts, considerable delay was caused by the unavailability of the plaintiff, Charles Brown, who could not be located in spite of assiduous and protracted efforts on the part of his counsel.   Nevertheless, this court, cognizant of its responsibility to a seaman who under law is deemed a ward of the court, enlisted the services of the Federal Bureau of Investigation, which conducted a most exhaustive search and secured information which materially assisted in locating plaintiff, and made possible the disposition of these proceedings.

The precise date of the alleged accident by reason of unavailability of the shiplog appears to be indefinite, varying from April 20, 1947, to September 19, 1947.   For the most equitable disposition of these proceedings, based upon its reconstruction, the court finds September 15, 1947, as the date of accident.

It appears libellant was engaged with a fellow seaman in bringing a drum of oil aboard the vessel and moving it into the deckroom.   The drum was brought aboard at the head of the vessel and because it was too tall to wheel along the guard or passageway, it was placed on its side and a shovel placed under the

front end of the drum. Libellant was pulling backwards on the shovel and the fellow seaman was pushing forward.

Libellant contends that as he was moving backwards, his foot stepped on a loose, slack hemp line, and his foot rolled with the line causing him to fall. The fellow employee, on the other hand, states that libellant's heel hit the drain that went across the guard of the vessel.

Upon libellant's admission to the Marine Hospital on October 15, 1947, he gave a history merely of slipping or falling without reference to a loose hemp line. Likewise, the history given his personal physician corroborates the testimony presented by the fellow seaman which similarly fails to advert to a loose hemp line.

█ It is the court's conclusion that libellant has failed to establish by the preponderance or the weight of all the credible evidence either negligence or unseaworthiness on defendant's part, but on the contrary the evidence establishes that libellant's falling was a fortuitous circumstance over which defendant had no control.

Libellant has not established his right to recover under the Jones Act based on negligence, nor in admiralty based on unseaworthiness.

█ As to the action for maintenance and cure, claims are presented for a hernia condition and injury to the left leg alleged to have resulted from the accident. Most substantial and irreconcilable conflict exists in the record as to whether or not the hernia arose as a result of the employment, or whether the hernia condition preceded the accident.

In order to resolve this issue, I found it necessary to permit libellant's estranged wife to testify as to his physical condition prior to the accident. Taylor v. Crain, 3 Cir., 224 F.2d 237. I am satisfied that the wife's testimony was credible and sufficiently established the existence of libellant's complaint of hernia prior to the time of accident, and in my judgment must render his claim for a hernia condition as not credible nor valid.

█ I must, however, conclude otherwise as to the leg injury. The leg injury was clearly evidenced in the Marine Hospital record upon libellant's admission on October 15, 1947. An examination of libellant on October 14, 1947, reflected a derangement of the internal cartilage of the left knee joint with subcutaneous hemorrhage and contusion of the left hip joint with subcutaneous hemorrhage. As a result of the condition to the left leg, the libellant has a disability of forty to fifty per cent in the open labor market. Surgery could be performed by an orthopedic surgeon for the condition of the left leg, but because of the long standing problem and lapse of time during which the condition has existed, the degree of success to be expected from such an operation cannot be stated with any degree of certainty. A surgeon could at least make efforts to strengthen the ligaments of the joint and should the cartilage be injured, it could be removed, providing additional strength and stability, with the probability of some residual disability. I must, therefore, find that the seaman has not reached the point in his recovery where care and nursing would not benefit him. Shields v. U. S., 3 Cir., 175 F.2d 743, 745.

█ Defendant contends that even if it were assumed that the accident did result in conditions justifying maintenance and cure, an obligation rested on the libellant to take advantage of maintenance and cure available to him and make known his need therefor to defendant. The court must recognize that defendant was sufficiently apprised of libellant's condition when the suits were filed on March 15, 1948, and the pending proceeding constituted notice of libellant's need for maintenance and cure. It is to be noted that not only the court but that also the employer occupies a position of guardianship towards an injured seaman. Murphy v. American Barge Line Co., 3 Cir., 169 F.2d 61. Nor is the seaman required to be under the care of a physician to assert a claim for maintenance and cure. Seville v. U. S., 9 Cir., 163 F.2d 296, 297.

■ It is my judgment that maintenance and cure should be awarded the libellant in the amount of $5 per day, being the amount stipulated between counsel, for the number of days libellant was disabled, less the number of days spent in the Marine Hospital and less the number of days that libellant was gainfully employed. Loverich v. Warner, Co., 3 Cir., 118 F.2d 690. Libellant has undergone hospitalization for a period due to injuries unrelated to his employment and has been incarcerated. Such period, likewise, must be disallowed.

An order for an award for maintenance and cure should be entered in the amount of $5 per day commencing October 2, 1947, and including November 30, 1956, final date of hearing, less periods of hospitalization, incarceration and gainful employment.

■ In view of the apparently undisputed medical prognosis that surgery could undoubtedly better the seaman's condition as it relates to his left leg, it is suggested and recommended that immediate steps be taken in this direction. In connection therewith, I advert to that rule of law wherein the court is empowered to award such reasonable sums as the circumstances of the case indicate to cover future treatment for a foreseeable future period of time. Farrell v. U. S., 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Chesser v. General Dredging Co., D.C., 150 F.Supp. 592.

### Findings of Fact

1. Libellant, Charles Brown, is a citizen of the State of Pennsylvania and resides in Butler County, Pennsylvania

2. Respondent, Dravo Corporation, is a corporation with offices at Pittsburgh, Pennsylvania, and throughout most of the year of 1947 operated the vessel, Steamer Sam Craig, in navigation on the Ohio River and its tributaries.

3. This action is brought under Section 33 of the Merchant Marine Act of 1920 (46 U.S.C.A. § 688) commonly known as the Jones Act, and under the Admiralty and Maritime Laws of the United States. Libellant claims damages for personal injuries and maintenance and cure.

4. During the year 1947, up to October 2, 1947, the libellant worked for respondent from time to time as either a fireman or a striker engineer and as a member of the crew of the vessel, Steamer Sam Craig. His service between September 22 and October 2 was as a deck hand on the Dravo 41.

5. On the date approximately September 15, 1947, at about seven or eight o'clock P.M., the vessel, Steamer Sam Craig, was at the Neville Island River Landing of respondent below Emsworth, Pennsylvania, for the purpose of taking on stores and supplies.

6. While the vessel was thus engaged, libellant and a fellow fireman, Delbert Fuller, who were employed on the vessel, were directed by their superior to bring a drum of oil weighing about 540 pounds aboard and place it in the deckroom. The oil drum was approximately 4 feet high and 20 inches in diameter. The drum was brought aboard at the head of the vessel and, in order to place it into the deckroom, it had to be brought along the guard or passageway which is 3 feet 10 inches wide and 178 feet in length.

7. While libellant was engaged in pulling the barrel along the guard or passageway, he slipped and fell, tripping over the drain which constituted a standard part of the equipment of the vessel and a part of the equipment of which libellant was fully aware.

8. Respondent's only witness to the accident, Delbert Fuller, agreed with libellant that libellant's fall was during the operation of dragging the oil drum on a shovel along the guard, Fuller contending that Brown's fall was caused by his heel striking the drain on the guard.

9. As a result of the injuries sustained by libellant, he was hospitalized in the U. S. Marine Hospital in Pittsburgh from October 15, 1947, to January 7, 1948.

10. At the time of his admission to the Marine Hospital, libellant gave a history of having fallen four or five weeks before he entered the hospital and

that he injured his leg in that fall. He failed to indicate to either the Marine Hospital or his personal physician that his fall was caused by a loose hemp line.

11. Libellant has failed to establish either negligence or unseaworthiness by the fair preponderance or the weight of all the credible evidence.

12. Libellant has failed to sustain his burden of proving that the accident caused the left indirect inguinal hernia.

13. Libellant has sustained the burden of proof that the accident caused the condition which exists to the left leg.

14. Due to his leg injury, libellant was disabled for industrial work following his discharge from the Marine Hospital, although he sought and tried to carry on some form of gainful work from time to time despite his disability.

15. Libellant worked since his accident as follows:

a. Dravo Corp.—Aug. 20, 1947 to Oct. 2, 1947—13 days.
b. Ross Adams, as a laborer, Spring of 1948—13 days.
c. Crain Brothers, Inc., as a deckhand, Sept. 6, 1949 to Sept. 9, 1949—4 days.
d. Ohio Barge Line, Inc., striker-engineer, from July 15, 1950 to Sept. 24, 1950—71 days.
e. U. S. Steel Co., Oct. 16, 1950 to Nov. 30, 1950, when he entered the Veterans Administration Hospital, and from Jan. 28, 1951 to March 18, 1951, total 94 days.
f. Crain Brothers, Inc., Aug. 1 to Aug. 24, 1951, Sept. 4 to Sept. 6, 1951, Sept. 10 to Sept. 20, 1951, Oct. 6 to Oct. 15, 1951, Jan. 21, 1952 to Feb. 16, 1952, total 73 days.
g. G. M. Crain River Towing, Inc., from April 17, 1952 to April 20, 1952, May 31, 1952 to June 3, 1952, Sept. 17, 18, 19, 22, 23, 24, 25, Oct. 1, 8, 9, 10, 11, 1952, total 20 days.
h. Chuck Notaro, May 8, 1954 to Jan. 8, 1955, as a porter, 245 days.
i. Robert Segen, loading trucks, Jan. 15, 1955 to Aug. 1, 1955, total 197 days.
j. Clarence Voelker, Oct. 1, 1955 to Nov. 18, 1955, May 1, 1956 to Nov. 30, 1956, total 263 days.

---

16. Libellant is entitled to recover maintenance and cure for the time he was out of employment due to his injuries and disabilities which the court finds as follows:

a. Number of days from October 2, 1947, the date stipulated from which maintenance and cure must commence, to November 30, 1956, the time of trial ........................3348
b. Less time worked as set forth in Paragraph 15 ..............980
c. Less time in Marine Hospital .... 84
d. Less time in Veterans Administration Hospital ............ 42
e. Less time spent in jail for nonsupport of wife ........... 4

1110

Number of days libellant is entitled to receive maintenance and cure .............................2238

17. The parties have stipulated that the fair and reasonable value of maintenance and cure, if any is due, is $5 per day.

18. Libellant is and has been since his accident in need of further medical and surgical care and proper medical treatment was and still is capable of benefiting him, improving his condition and lessening his disability.

19. That appropriate medical treatment and surgery should be made available by the defendant for libellant at the earliest possible date.

Conclusions of Law

1. This court has jurisdiction under the Jones Act, 46 U.S.C.A. § 688, and under the Admiralty and Maritime Laws.

2. Libellant is entitled to recover maintenance and cure in the action at No. 111 in Admiralty in accordance with the findings of fact set forth above.

3. Libellant has failed to establish negligence or unseaworthiness and is not entitled to recover damages in the action at No. 124 in Admiralty.

An appropriate Order is entered.