**Leo B. MARZEAN, Plaintiff,**

v.

**NICHOLSON TRANSIT CO., a corporation, Defendant.**

**Civ. No. 13219.**

United States District Court
E. D. Michigan, S. D.

June 5, 1959.

---

S. Eldridge Sampliner, Cleveland, Ohio, Victor G. Hanson, Detroit, Mich., of counsel, for plaintiff.

Raymond A. Ballard of Foster, Meadows & Ballard, Detroit, Mich., for defendant.

THORNTON, District Judge.

This is the case of a seaman who suffered serious injuries on September 15, 1951. He was apparently returning to his vessel docked at Detroit and fell from the auto loading ramp to a concrete dock below, about a 20 foot drop. He was thereafter hospitalized and treated, and on May 4, 1955 he executed a release wherein defendant was released as to any and all claims by plaintiff against defendant except that "this release shall not, in any way, affect any claim which I may hereafter have for maintenance and cure accruing after September 30, 1955, if any, arising out of the aforesaid injuries." The instant action has been settled between the parties except as to a claim for maintenance and cure for the period October 1, 1955 to April 4, 1956. The parties have submitted this claim to the Court for determination upon a stipulation of facts and upon briefs. A copy of the stipulation is attached hereto. It will readily be seen that the document is not of much value as a stipulation, but it is nevertheless before the Court. Attached to the stipulation, but not appended hereto, are copies of several documents which we will list below, and the pertinent parts of which will be quoted herein as they become relevant to our discussion. The attached documents consist of the following:

1. Copy of letter dated April 22, 1955 from Dr. Frank E. Curtis, Detroit, Michigan, addressed to Mr. Raymond Ballard, the attorney for defendant herein. It relates to an examination of plaintiff conducted by Dr. Curtis on April 18, 1955.

2. Copy of a Certificate of Medical Care from the U. S. Public Health Service Hospital, Baltimore, Md., dated December 8, 1955 naming plaintiff as the patient.

3. Copy of a Certificate of Medical Care from the U. S. Public Health Service Hospital, Detroit, Michigan, dated January 5, 1956 naming plaintiff as the patient.

4. Copy of letter dated April 4, 1956 from Dr. Joseph A. Drazek, Detroit, Michigan, addressed to S. Eldridge Sampliner, attorney for plaintiff. It relates to an examination of plaintiff conducted by Dr. Drazek on March 26, 1956.

5. The Release of May 4, 1955 hereinabove referred to.

It will be noted that the respective contentions of plaintiff and defendant are set forth on the second page of the stipulation. Because the letter of Dr. Drazek

5

is dated April 4, 1956, that is the date employed by plaintiff as the one determinative of his terminal right to maintenance and cure. The pertinent part of this letter is found at the conclusion and reads as follows:

"It is my opinion that all that possibly could be done has been done for this patient. I feel there is very little that one can offer to him at the present time. He has a stable movable hip, he does have some pain and discomfort although one would expect that much."

There is nothing here, however, to indicate that such conclusions could not have been drawn at a much earlier date, or that they were not so drawn. There is nothing to indicate that this is the first time it became possible to determine that plaintiff's condition was not subject to further treatment. As a matter of fact, reference to the letter of Dr. Curtis dated April 22, 1955 indicates the same evaluation. We quote the pertinent section from that letter which is as follows:

"Conclusions: This patient has had an artificial hip joint inserted in the left hip into an artificial acetabulum with a resultant 3″ shortening of the left leg. Motion in the left hip is markedly restricted and there is pain on all motions and use.

"There is limited motion in the left knee joint.

"I believe no further operative procedure is advisable, and I feel that the hip joint will not improve with time and use."

This evaluation was made about 5⅓ months prior to October 1, 1955 (the date of the commencement of the period for which plaintiff is seeking additional maintenance and cure). We might say here that as far as we can determine, October 1, 1955 appears to be an arbitrary date selected by the parties as the date up until which the release would be operative as to maintenance and cure. We may presume that as part of the settlement negotiations the defendant agreed to pay maintenance and cure through September 1955, hence the October 1 starting date. The parties appear to be in agreement that no curative medical treatment was in fact received after October 1, 1955, that the two hospitalizations above certified to were for evaluation purposes only.

The rule to be applied in limiting the maintenance and cure recovery is laid down in Farrell v. United States, 336 U.S. 511, 517, 69 S.Ct. 707, 710, 93 L.Ed. 850. The Court there quotes from a draft convention submitted in 1936 by the General Conference of the International Labor Organization at Geneva, subsequently ratified by the Senate, and proclaimed by the President as effective for the United States on October 29, 1939. The provision quoted in the Farrell case states that the maintenance and cure continues until the seaman is cured or until " 'the sickness or incapacity has been declared of a permanent character.' " The Court cites approvingly in this connection the cases of Lindgren v. Shepard S.S. Co., 2 Cir., 1940, 108 F.2d 806 and Luksich v. Misetich, 9 Cir., 1944, 140 F.2d 812. We quote from Lindgren, 108 F.2d at page 808, " * * * we are convinced that a shipowner's duty to provide maintenance and cure ends when the seaman has attained the maximum cure possible." Of similar import is the following from Luksich, 140 F.2d at page 814: " * * * At most, recovery should not be extended beyond the time when the maximum degree of improvement to his health is reached. We can find no authority approving a longer period of recovery * * *." More recently (June 5, 1957) this same rule was reiterated in Olsen v. The Patricia Ann, D.C., 152 F. Supp. 315, 319 as follows: " * * * Recovery of maintenance and cure should not extend beyond the time when the maximum degree of improvement in the health of an injured seaman has been reached."

In his brief, plaintiff says that he was advised through his attorney " * * * upon receipt of the report of April 4, 1956 that medical science could do nothing further for him and up to

that time when he was apprised of that fact, he is entitled to his maintenance and cure." It is, of course, obvious that on April 4, 1956 plaintiff was advised that medical science could do nothing further for him. He may be so advised on every April 4, from 1956 on, for that matter. Does that mean that his right to maintenance and cure continues relentlessly? We think not. We think that the only proper interpretation of the rule is that once the administration of curative treatment has ceased, because medical science can do no more for the patient to improve his condition, then the seaman's right to maintenance and cure ceases. In view of the letter of Dr. Curtis, some $5\frac{1}{3}$ months prior to October 1, 1955, and in view of the absence of any attempted or suggested treatment or medical attention for some time prior to October 1, 1955, and also prior to the letter of Dr. Curtis (April 22, 1955), we think it would be an unjustifiable extension of the maintenance and cure doctrine to order maintenance and cure for the period here in issue. We will go along with the reasoning of Justice Jackson [1] that there is no contention here that any future treatment of a curative nature may not be subject to a maintenance and cure claim in a new proceeding.

An appropriate order may be presented.

### Stipulation of Facts

It Is Hereby Stipulated by and between counsel for the respective parties that this cause be submitted upon the following stipulated facts:

1. The entire occurrence with the reservations contained therein pertaining to maintenance and cure and set forth in the copy of the Release attached hereto, dated May 4, 1955, which contains the facts concerning the accident.

2. No one is questioning the significance of the Release, the problem involved being "possible further maintenance and cure".

3. Plaintiff, Leo B. Marzean, sought medical advice after October 1, 1955 to see whether or not further treatment could help his condition. He did proceed, at his own expense, to the United States Public Health Service Hospital, Baltimore, Maryland, where he was an inpatient from December 3, 1955 to December 8, 1955, and attached hereto is a photostatic copy of Certificate of Medical Care dated December 8, 1955.

4. That on the 9th day of December, 1955, he entered the United States Public Health Service Hospital, Detroit, Michigan, where he remained as an inpatient to January 5, 1956 and attached hereto is a photostatic copy of Certificate of Medical Care dated January 5, 1956.

5. That on March 26, 1956, he was, at his own expense, examined by Dr. Joseph A. Drazek of Detroit, Michigan. Dr. Drazek's medical report dated, April 4, 1956, in photostatic form is hereto attached.

6. Maintenance is to be figured at Six ($6.00) Dollars per day.

7. It is plaintiff's contention that he is entitled to maintenance and cure from October 1, 1955, to April 4, 1956, with the exception of those periods that he was an inpatient at the two facilities of the United States Public Health Service, to wit: December 3rd through January 5th, 1956, for the reason that he was finally apprised on the 4th day of April, 1956, that medical science could do nothing further for him and quoting Dr. Drazek's language in his opinion "that all that possibly could be done has been done for this patient. I feel there is very little that one can offer to him at the present time".

8. It is the defendant's position that plaintiff was permanently injured as a result of the accident of September 15, 1951, and received all the medical treatment that medical science could provide prior to October 1, 1955; that the plaintiff has not received any medical treatment for his permanent injuries since prior to October 1, 1955, and that the plaintiff was hospitalized at the United States Public Health Service Hospital at

1. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850.

Baltimore, Maryland from December 3, 1955, to December 8, 1955, for an evaluation of his injuries, but the plaintiff received no medical treatment for his injuries at said hospital; that the plaintiff was next hospitalized at the United States Public Health Service Hospital at Detroit, Michigan, from December 9, 1955, to January 5, 1956, for a re-evaluation of his injuries and the plaintiff received no treatment for his injuries during this period of hospitalization; that the attached medical records do not sustain the plaintiff's burden of proof of showing that he received further medical treatment for his injuries after October 1, 1955; and that the attached medical report of Dr. Frank E. Curtis, who examined plaintiff on behalf of the defendant, shows that plaintiff had received maximum medical benefit by April 18, 1955.