Hollis A. **CHARLEVILLE**

v.

**COMPANIA NAVIGACION CASTRO RIVA S. A. PANAMA, R. P.**

v.

**KAISER ALUMINUM & CHEMICAL CORPORATION.**

No. 586.

United States District Court E. D. Louisiana, Baton Rouge Division.

Nov. 15, 1961.

Durrett, Hardin, Hunter, Dameron & Fritchie, Roger Fritchie and Wallace Hunter, Baton Rouge, La., for libelant.

Chaffe, McCall, Phillips, Burke & Hopkins, Leon Sarpy and James J. Burke, Jr., New Orleans, La., for respondent.

Breazeale, Sachse & Wilson, Maurice J. Wilson, Baton Rouge, La., for third-party defendant Kaiser Aluminum & Chemical Corp.

CHRISTENBERRY, Chief Judge.

The foregoing matter having been tried to the Court without a jury, and the Court having heard evidence and the arguments of proctors, and having taken time to consider the matters, hereby

makes the following findings of fact and conclusions of law:

## Findings of Fact

### I.

Respondent, Compania Navigacion Castro Riva S. A. Panama, R. P., was at all times mentioned herein the owner and operator of the Steam Vessel SS Theogenitor.

### II.

In January of 1958, the SS Theogenitor was operating under time charter to impleaded respondent, Kaiser Aluminum & Chemical Corporation, to carry bulk ore from various foreign ports to the Kaiser Terminal at Gramercy, Louisiana.

### III.

On January 31, 1958, the SS Theogenitor after discharging her cargo at Gramercy proceeded down river to Norco, Louisiana, to take on bunkers.

### IV.

A number of employees of impleaded respondent, Kaiser Aluminum & Chemical Corporation, boarded the vessel at Gramercy to effect a number of minor repairs to the interior of the cargo holds which had been damaged in the course of discharging the bulk cargo.

### V.

Libelant, Hollis A. Charleville, an employee of impleaded respondent, was aboard the said vessel on the day in question supervising the aforementioned repairs.

### VI.

Upon arrival at Norco, the vessel moored starboard side to a wharf on the left descending bank of the river with her bow headed upstream and commenced taking on fuel.

### VII.

Upon completion of the repairs to the vessel in Norco, libelant directed the stowage of a draft of lumber used in the repair of the vessel, from the main deck to the number 3 tween deck.

### VIII.

A sling was rigged to the draft and attached to the married falls of the port and starboard booms serving the number 3 hold.

### IX.

Libelant, while standing between the draft of lumber and the side of the vessel, signaled the winchman to lift the load. Upon lifting, the draft began to swing and libelant grabbed the end of the draft for the purpose of steadying it.

### X.

On steadying the load, libelant testified that he felt a "catch" in his back.

### XI.

There was no failure as to any part of the gear of the SS Theogenitor, and she was fully seaworthy in all respects. None of the vessel's officers or crew was in anywise involved, or negligent, or responsible for the occurrence in question.

### XII.

Libelant did not report the said occurrence to his fellow employees and did not report the incident to the vessel or her officers, although she returned to Gramercy on a number of occasions.

### XIII.

Libelant continued to work without interruption until February 6, 1958, when he first complained to the Kaiser dispensary of a soreness to his back.

### XIV.

Libelant had experienced a number of similar "catches" to his back on occasions prior to the date of this occurrence.

### XV.

On January 7, 1959, libelant filed a libel in the United States District Court for the Eastern District of Louisiana, No. 5601 of said docket in admiralty, against Phoenix Compania de Navagacion S. A., as owner of the SS Tiha, alleging that the above accident occurred aboard the Tiha. Upon ascertaining that

the SS Tiha was not in port on that date, this libel was dismissed and the present proceedings instituted in September, 1959, more than one year subsequent to the alleged incident, upon which fact defendant filed a plea of laches.

### XVI.

When a long load is lifted by the vessel's gear, as in this case, it is to be expected that the load will have a tendency to swing.

## Conclusions of law

### I.

■ There is no proof that any injury resulted aboard the SS Theogenitor.

### II.

There is no proof that the vessel was in anywise unseaworthy or her crew in anywise at fault or negligent.

### III.

The said vessel was fully seaworthy and libelant was given a safe place to work. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941.

### IV.

■ When a load is lifted as in this situation, it is to be expected that it will swing. Seville v. United States, 163 F.2d 296, 1948 A.M.C. 371 (9 Cir. 1947), and workmen should accordingly take due precaution for their own personal safety.

### V.

No one had any contact with libelant on the occasion in question, or was in anywise guilty of negligence to which could be attributed the proximate cause of the accident.

### VI.

The libel is dismissed.

### VII.

The petition impleading Kaiser Aluminum & Chemical Corporation is likewise dismissed.

### VIII.

Accordingly, the Court finds no need to decide the question of laches.